NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM BARNETT, | ) | No. 13-16925 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 1:12-cv-00130-LJO-SAB |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| SOUTHERN CALIFORNIA | ) | |
| EDISON COMPANY LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendant - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and SCHEINDLIN,[**]
District Judge.

William Barnett appeals the district court's judgment in favor of the

Southern California Edison Company Long Term Disability Plan ("the Plan"). The

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Shira Ann Scheindlin, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plan stopped paying long term disability benefits to Barnett after it determined that he was no longer disabled within the meaning of the Plan. We vacate and remand for further proceedings.

The Plan gave its Benefits Committee[1] discretionary authority to construe, interpret, and administer its provisions, and to "grant or deny benefits." The district court and we review that determination for abuse of discretion. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629 (9th Cir. 2009).[2] That is, we review to assure ourselves that the determination was reasonable. *See Day v. AT&T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012). Put another way, we must assure ourselves that the determination was not the result of legal error, or of clearly erroneous fact determinations. *See Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1042 (9th Cir. 2014); *Day*, 698 F.3d at 1096; *see also United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

A.   Barnett asserts that his LTD benefits could not be terminated unless and until he was offered a job by the company. We disagree. He relies on a

_____

[1]The committee delegated its authority to Sedgwick, CMS ("the Administrator"), as it was entitled to do.

[2]The district court determined that the Administrator was not laboring under a conflict of interest, and Barnett has not appealed that determination.

2

paragraph in the Plan which states that:

> You will also be eligible for LTD benefits if you become approved for Social Security Disability Insurance Benefits within 12 months of your initial denial of LTD with an effective date within your qualifying period. However, if the *company* offers you a reasonable job . . . , you must accept the job . . . or your LTD benefits will end and your employment will be terminated.

In particular, Barnett focuses on the second sentence of that paragraph. However, that sentence, taken by itself, does not provide that the benefits will continue until a reasonable job is offered; it merely indicates that the benefits will end if the offer of a reasonable job is not accepted. Moreover, the second sentence cannot be read as separate from the first sentence, which describes a person who obtains benefits in the particular situation where he was initially denied those benefits and is granted Social Security benefits within a uniquely circumscribed period. To the extent that the provisions, taken together, injected some ambiguity into the Plan, resolution of that ambiguity by reading the two sentences together in that manner did not "'[construe] provisions of the plan in a way that conflicts with the plain language of the plan.'" *Pac. Shores Hosp.*, 764 F.3d at 1042. Thus, the Administrator did not abuse its discretion when it terminated Barnett's benefits despite the fact that the company had not offered Barnett a job which he declined.

     B.     The parties agree that under the Plan provisions that applied to

3

Barnett, "[d]isabled means that, due to illness or injury, you are unable to perform . . . any reasonable job for the *company* after two years." Moreover, "[a] reasonable job is any gainful activity in any job classification for which you are or may reasonably become fitted by education, training, or experience." And that job must be located "at any *company* within the zone . . . in which you were working on your last day at work." After our careful review of the record, we are unable to say that the Administrator abused its discretion when it determined that there was a reasonable job that Barnett could perform.[3] However, the Administrator did abuse its discretion when it implicitly determined that the job in question was within the proper zone. Simply put, there was no evidence of the zone in which the reasonable job was located, nor was there explicit evidence of the zone in which Barnett worked. As a result, the termination of benefits was improper and we must vacate the district court's determination and remand for further proceedings.[4]

_____

[3]The Administrator was entitled to rely upon the vocational expert's report that Barnett could perform a job set forth in the "library of job descriptions for Southern California Edison" without accommodations. Furthermore, sufficient consideration was given to the fact that Barnett had received a grant of disability benefits from the Social Security Administration.

[4]We have not overlooked Barnett's claim that the Plan is bound by the grant of disability benefits from the Social Security Administration. However, there is no authority to support that claim; indeed the authorities are to the contrary. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 118, 128 S. Ct. 2343, 2352, 171 L. Ed.

(continued...)

4

VACATED and REMANDED.  The parties shall bear their own costs on appeal.

---

[4](...continued)
2d 299 (2008); *Montour*, 588 F.3d at 635; *see also Madden v. ITT Long Term Disability Plan for Salaried Emps.*, 914 F.2d 1279, 1286 (9th Cir. 1990).